# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LINENS HOLDING CO., et al.,[1] | Case No. 08-10832 (CSS) |
| | Jointly Administered |
| Debtors. | |
| LNT SERVICES, INC., | |
| Plaintiff, | Adv. Pro. No. |
| v. | |
| WALDEN ASSET GROUP LLC, | |
| Defendant. | |

## COMPLAINT TO AVOID AND RECOVER
## PREFERENTIAL TRANSFERS AND FOR OTHER RELIEF

The above-captioned plaintiff, LNT Services, Inc. ("Plaintiff"), by and through its undersigned counsel, alleges for its complaint against defendant herein as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, among other things, to avoid and recover certain preferential transfers made by Plaintiff to WALDEN ASSET GROUP LLC ("Defendant").

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Linens Holding Co. (2917), Linens 'n Things, Inc. (3939), Linens 'n Things Center, Inc. (0138), Bloomington, MN., L.T., Inc. (8498), Vendor Finance, LLC (5543), LNT, Inc. (4668), LNT Services, Inc. (2093), LNT Leasing II, LLC (4182), LNT West, Inc. (1975), LNT Virginia LLC (9453), LNT Merchandising Company LLC (2616), LNT Leasing III, LLC (3599) and Citadel LNT, LLC (2479).

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

## THE PARTIES

5.      On May 2, 2008 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Plaintiff is a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      Upon information and belief, Defendant is a corporation or other legal entity, whose state of incorporation or formation presently is unknown to Plaintiff. As further alleged herein, Defendant transacted business with Plaintiff prior to the Petition Date.

## GENERAL ALLEGATIONS

7.      On or within 90 days prior to the Petition Date (the "Preference Period"), Plaintiff made one or more transfers of an interest of Plaintiff in property to or for the benefit of Defendant, as set forth on Exhibit A hereto.

8.      Exhibit A reflects Plaintiff's current knowledge of the transfers made to Defendant during the Preference Period. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all such transfers, whether such transfers presently are reflected on Exhibit A or not. Collectively, all transfers made by Plaintiff of an interest of Plaintiff in property to or for the benefit of Defendant during the Preference

Period (whether such transfers presently are reflected on <u>Exhibit A</u> hereto or not) are referred to herein as the "Transfers."[2]

## COUNT I
### (Preferential Transfer Pursuant To 11 U.S.C. § 547(b))

9. Plaintiff restates and realleges the allegations of paragraphs 1 through 8 above as if fully set forth herein.

10. The Transfers were made to or for the benefit of Defendant, a creditor of the Plaintiff.

11. The Transfers were made for or on account of an antecedent debt(s) owed by Plaintiff before such Transfers were made.

12. The Transfers were made during the Preference Period.

13. The Transfers were made while Plaintiff was insolvent.

14. The Transfers enabled Defendant to receive more than Defendant would have received if: (i) Plaintiff's case was a case under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment on account of the debt paid by the Transfers to the extent provided by the provisions of the Bankruptcy Code.

15. Each of the Transfers constitute an avoidable preference within the meaning of 11 U.S.C. § 547.

16. Defendant has not returned the Transfers to Plaintiff.

## COUNT II
### (Recovery of Transfers Pursuant To 11 U.S.C. § 550)

17. Plaintiff restates and realleges the allegations of paragraphs 1 through 16 above as if fully set forth herein.

---

[2] Plaintiff reserves the right to contend that one or more of the Transfers constitute a fraudulent transfer under either the Bankruptcy Code or applicable state law.

18. Defendant is either the (a) initial transferee of the Transfers, (b) the entity for whose benefit the Transfers were made, or (c) an immediate or mediate transferee of an initial transferee.

19. Plaintiff is entitled to recover the value of each of the Transfers pursuant to 11 U.S.C. § 550(a).

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests entry of a judgment in its favor:

(a) awarding Plaintiff at least the sum of the Transfers, plus interest at the legal rate from the date of the this Complaint, and ordering Defendant to immediately pay the judgment to Plaintiff;

(b) awarding Plaintiff post-judgment interest until the entire amount of the judgment is paid by Defendant;

(c) awarding Plaintiff its costs, fees (including attorneys' fees) and expenses associated with the prosecution of this action; and

(d) granting such other and further relief as is just and proper.

Dated: December 19, 2009  
Wilmington, Delaware

*/s/ Carl D. Neff*
Daniel K. Astin, Esquire (No. 4068)
Anthony M. Saccullo, Esquire (No. 4141)
Mary E. Augustine, Esquire (No. 4477)
Carl D. Neff, Esquire (No. 4895)
Ciardi Ciardi & Astin
Citizens Bank Center
919 North Market Street, Suite 700
Wilmington, DE 19801
dastin@ciardilaw.com.com
asaccullo@ciardilaw.com
maugustine@ciardilaw.com
cneff@ciardilaw.com

*Attorneys for Plaintiff*